UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


VICKIE L. GREENE,

      Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

Case No. 05-72547
Honorable Patrick J. Duggan

_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on September 14,2006.

PRESENT:      THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Plaintiff applied for Social Security Disability Insurance Benefits ("benefits") on

October 2, 2002, alleging that she became disabled on January 2, 1998, due to lower back

pain. The Social Security Administration denied Plaintiff's request for benefits initially.

Upon Plaintiff's request, Administrative Law Judge Thomas L. English ("ALJ")

conducted a *de novo* hearing on October 21, 2004. The ALJ issued a decision on

November 23, 2004, finding Plaintiff not disabled within the meaning of the Social

Security Act and therefore not entitled to benefits. The ALJ's decision became the final

decision of the Social Security Commissioner ("Commissioner") when the Social

1

Security Appeals Council denied review.  Plaintiff thereafter initiated the pending action.

Both parties have filed motions for summary judgment, which this Court referred

to Magistrate Judge Mona K. Majzoub.  On July 28, 2006, Magistrate Judge Majzoub

filed her Report and Recommendation (R&R) recommending that this Court deny

Plaintiff's motion for summary judgment and grant Defendant's motion.  At the

conclusion of the R&R, Magistrate Judge Majzoub advises the parties that they may

object and seek review of the R&R within ten days of service upon them.  Plaintiff filed

objections to the R&R on August 7, 2006.

## STANDARD OF REVIEW

Under 42 U.S.C. Section 405(g):

> Any individual, after any final decision of the Commissioner
> of Social Security made after a hearing to which he was a
> party . . . may obtain a review of such decision by a civil
> action . . . The court shall have the power to enter . . . a
> judgment affirming, modifying, or reversing the decision of
> the Commissioner of Social Security, with or without
> remanding the cause for a rehearing.  The findings of the
> Commissioner of Social Security as to any fact, if supported
> by *substantial evidence*, shall be conclusive . . .

42 U.S.C. § 405(g)(emphasis added); *see Boyes v. Sec'y of Health and Human Servs.*, 46

F.3d 510, 511-12 (6th Cir. 1994).  "Substantial evidence is defined as 'such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion.'"

*Abbott v. Sullivan*, 905 F.2d 918, 922-23 (6th Cir. 1990)(quoting *Richardson v. Perales*,

402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971)).  The Commissioner's findings are not

subject to reversal because substantial evidence exists in the record to support a different

conclusion.  *Mullen v. Brown*, 800 F.2d 535, 545 (6th Cir. 1986)(citing *Baker v. Kechler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).  If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm.  *Studaway v. Sec'y of Health and Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987).

The court reviews *de novo* the parts of an R&R to which a party objects.  *See* FED. R. CIV. P.  72(b); *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001).  However, the Court "is not required to articulate all the reasons it rejects a party's objections."  *Id.*

## ANALYSIS

An ALJ considering a disability claim is required to follow a five-step process to evaluate the claim.  20 C.F.R. § 404.1520(a)(4).  If the ALJ determines that the claimant is disabled or not disabled at a step, the ALJ need not proceed further.  *Id.*  However, if the ALJ does not find that the claimant is disabled or not disabled at a step, the ALJ must proceed to the next step.  *Id.*  "The burden of proof is on the claimant through the first four steps . . . If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the [defendant]."  *Preslar v. Sec'y of Health and Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); *see also Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987).

The ALJ's five-step sequential process is as follows:

1.     At the first step, the ALJ considers whether the claimant is currently

3

engaged in substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(i).[1]

2.  At the second step, the ALJ considers whether the claimant has a severe medically determinable physical or mental impairment that meets the duration requirement of the regulations and which significantly limits the claimant's ability to do basic work activities.  20 C.F.R. §§ 404.1520(a)(4)(ii) and (c).[2]

3.  At the third step, the ALJ again considers the medical severity of the claimant's impairment to determine whether the impairment meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. § 404.1520(a)(4)(iii).  If the claimant's impairment meets any Listing, he or she is determined to be disabled regardless of other factors.[3] *Id.*

4.  At the fourth step, the ALJ assesses the claimant's residual functional capacity and past relevant work to determine whether the claimant can perform his or her past relevant work.[4]  20 C.F.R. § 404.1520(a)(4)(iv).

5.  At the fifth step, the ALJ considers the claimant's residual functional capacity, age, education, and past work experience to see if he can do other work.  20 C.F.R. § 404.1420(a)(4)(v).  If there is no such work that the claimant can perform, the ALJ must find that he or she is disabled.[5]  *Id.*

---

[1]The ALJ concluded that Plaintiff had not engaged in substantial gainful activity since January 2, 1998.  (A.R. at 23.)

[2]The ALJ concluded that Plaintiff  has the following severe impairments: fibromyalgia; supraspinatus tendinosis, right shoulder; depressive disorder; anxiety-related disorder.  (A.R. at 23.)

[3]The ALJ analyzed whether Plaintiff's impairments met any of the listed impairments and determined that they did not, particularly based on the ALJ's finding that Plaintiff's allegations regarding her limitations were not totally credible. *(*A.R. at 23.)

[4]The ALJ found that Plaintiff would have the residual functional capacity to perform light unskilled work, requiring no more than limited contact with the general public.  (A.R. at 21-23.)

[5]The ALJ determined that considering Plaintiff's age, educational background, work experience, and residual functional capacity, there are a significant number of jobs in the national economy that Plaintiff can perform based on his exertional and non-exertional limitations.  (A.R. at 24.)  The ALJ therefore concluded that Plaintiff is not under a "disability"

Plaintiff raises a number of objections to the R&R.  First, Plaintiff claims that

Magistrate Judge Majzoub misconstrued her argument as to why the ALJ's decision

should be overturned.  Second, Plaintiff objects to the Magistrate Judge's conclusion that

"The record lacks any objective medical evidence regarding the severity of the pain from

Plaintiff's fibromyalgia."  Pl.'s Obj. at 2 (quoting R&R at 9).  Finally, Plaintiff objects to

Magistrate Judge Majzoub's conclusion that Plaintiff's treating psychiatrist's conclusion

that Plaintiff is incapable of performing any work was conclusory and in conflict with the

psychiatrist's treatment notes.

Objection #1:

Plaintiff contends that Magistrate Judge Majzoub misconstrued her objection to the

ALJ's decision when the magistrate judge states in her R&R: "Read more charitably,

Plaintiff argues that the evidence on the record necessarily compels the conclusion that

Plaintiff cannot walk."  Plaintiff asserts that her argument simply was as follows: "There

is no substantial evidence to support the 'Residual Functional Capacity' (hereafter RFC)

determination upon which Defendant based its decision."  *See* Pl.'s Obj. at 1.

Magistrate Judge Majzoub, however, in fact addressed whether there was

substantial evidence to support the ALJ's determination of Plaintiff's RFC.  *See* R&R at

8-10.  The Court assumes that Magistrate Judge Majzoub focused on Plaintiff's ability to

walk because the excerpts from the record Plaintiff cited in her motion for summary

---

as defined in the Social Security Act.  (*Id.*)  Magistrate Judge Majzoub found substantial
evidence on the record to support this finding.  *See* R&R at 10.

judgment to challenge the RFC related to her ability to ambulate.  *See* Pl.'s Br. in Supp.

of Mot. Summary Judgment at 5.  The Court likewise finds substantial evidence in the

record to support the ALJ's determination of Plaintiff's RFC.

Aside from Plaintiff's treating psychiatrist, none of Plaintiff's treating physicians

imposed a specific limitation on her ability to work.  State agency physicians who

reviewed Plaintiff's records concluded that she had no physical limitations and that her

mental impairments only limited her to unskilled work.  (A.R. at 308-11.)  Thus the Court

finds no merit to this objection.

Objection #2:

Plaintiff argues that, contrary to Magistrate Judge Majzoub's conclusion, there was

objective medical evidence regarding the severity of pain she suffered as a result of her

fibromyalgia.  This Court believes that the two sections of the record Plaintiff cites to

support her objection do not, as she claims, provide objective medical evidence

supporting her subjective claim of severe pain.  As the Sixth Circuit explained in *Tyra v.*

*Secretary of Health and Human Services*, with respect to subjective complaints of pain:

> . . . subjective allegations of disabling symptoms, including
> pain, cannot alone support a finding of disability . . . To
> support a claim for disability there must be objective medical
> evidence in the record of an underlying medical condition. . . .
> If this requirement is met, the court must also determine either
> that the objective medical evidence confirms the severity of
> the alleged disabling pain arising from the condition, or that
> the objectively established medical condition is of such a
> severity that it can reasonably be expected to produce
> disabling pain. . . . In applying this standard the review court
> should show deference to the decision of the administrative

law judge in assessing credibility.

896 F.2d 1024, 1031 (6th Cir. 1990).  Thus while Plaintiff may point to evidence in the

record demonstrating an underlying medical condition, that evidence also must confirm

the severity of Plaintiff's asserted pain.  The Court agrees with the ALJ and Magistrate

Judge Majzoub that the entire medical record, including Plaintiff' evidence, did not

support the severity of pain of which she claimed.

Objection #3:

Plaintiff contends that Magistrate Judge Majzoub failed to give adequate deference

to the July 27, 2004, opinion of Plaintiff's treating psychiatrist, Dr. Marta Elody, that

Plaintiff could not engage in even part-time employment.  (A.R. at 430.)  Specifically, Dr.

Elody concluded that Plaintiff was incapable of performing even part-time work due to

the pain associated with her fibromyalgia, stating: "While her current antidepressant and

antianxiety [sic] medications alleviate her symptoms to a degree, I do not believe that she

could work even part time without getting worse pain wise, which in turn would increase

the depression and anxiety."  (A.R. at 430.) Plaintiff takes issue with Magistrate Judge

Majzoub's and the ALJ's finding that Dr. Elody's "letter was conclusory and conflicted

with [her] own treatment notes." R&R at 10.  The Court agrees with Magistrate Judge

Majzoub that there was substantial evidence in the record to support the ALJ's rejection

of Dr. Elody's opinion.

The ALJ was not bound to accept Dr. Elody's conclusion that Plaintiff was

disabled.  20 C.F.R. § 404.1527(e)(1) (providing that "[a] statement by a medical source

7

that [a claimant] is 'disabled' or 'unable to work' does not mean that [the Agency] will

determine that [the claimant] is disabled.")  For all the reasons set forth in the ALJ's

opinion, the Court believes that the ALJ was correct in rejecting Dr. Elody's ultimate

finding that Plaintiff was disabled.  Most significantly, while Dr. Elody's opinion as a

psychiatrist regarding Plaintiff's depression and anxiety and other mental health problems

may be persuasive, her conclusion regarding Plaintiff's physical condition (i.e. that

working would exacerbate her pain from her fibromyalgia) is not, particularly as those

conclusions were not supported by any physical examination or test.

## Summary

The Court concludes that there was substantial evidence in the record to support

the ALJ's evaluation of Plaintiff's impairments.  The Court therefore affirms the decision

of the Commissioner, finding that Plaintiff is not disabled within the meaning of the

Social Security Act.

Accordingly,

**IT IS ORDERED**, that Plaintiff's motion for summary judgment is **DENIED**;

**IT IS FURTHER ORDERED**, that Defendant's motion for summary judgment is

**GRANTED**.

sPATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Richard D. Tolin, Esq.
AUSA Janet Parker
Magistrate Judge Mona K. Majzoub